# EXHIBIT B



# INVOICE

AMERICAN PRESIDENT LINES, LTD.

| | | | | | |
|---|---|---|---|---|---|
| | | INVOICE | | | COGMD3K479 |
| Customer # | Currency | Invoice Description | | Invoice Date | Revenue Acct#/C C |
| COGUNICOM | US$ | DEAD FREIGHT | | 7/21/2004 | 33202180 |
| | | | | | 9771999 |

UNICOM TRANS INC.
15500 S. WESTERN AVE.
GARDENA, CA. 90249
ATTN: ACCOUNTS PAYABLE

Please reference our invoice number and make check payable to:
AMERICAN PRESIDENT LINES, LTD
116 INVERNESS DR. EAST, STE 400
ENGLEWOOD, CO  80112

ATTN: FREIGHT CASHIER

| Description | | Unit Count | Unit Price | Amount |
|---|---|---|---|---|
| Service Contract No | TA03/0262 | | | |
| MQC: | 50 | | | |
| FEUs Shipped: | 4 | | | |
| FEUs Short: | 46 | | | |
| Dead Freight per FEU: | 350.00 | 46 | $350.00 | $16,100.00 |
| Amount Due  $ | 16,100.00 | | | |
| **PAYMENT DUE UPON RECEIPT** | | | Invoice Total  $ | 16,100.00 |

| | | | | |
|---|---|---|---|---|
| PAYMENT DUE UPON RECEIPT | | | Invoice Number | COGMD3K479 |
| Customer # | Customer Name | Rec. Type | Invoice Date | Amount Due |
| COGUNICOM | UNICOM TRANS INC. | RDFT | 7/21/2004 | $  16,100.00 |

Make checks payable and remit to:
AMERICAN PRESIDENT LINES, LTD
116 INVERNESS DR. EAST, STE 400
ENGLEWOOD, CO  80112

ATTN: FREIGHT CASHIER

# EXHIBIT C

AMERICAN ARBITRATION ASSOCIATION

COMMERCIAL ARBITRATION TRIBUNAL

| | |
|---|---|
| AMERICAN PRESIDENT LINES, LTD. and APL CO. PTE. LTD.<br><br>　　　　　　　　　Claimants,<br><br>v.<br><br>UNICOM TRANS, INC.,<br><br>　　　　　　　　　Respondent. | No. 74 125 E 00137 07 JENF<br><br>**AWARD** |

    I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement contained in Service Contract No. TA03/0262 between the above-referenced Claimants and Respondent, and having been duly sworn, and having duly heard the proofs and allegations of Claimants, and Respondent having failed to appear after due notice in accordance with the Commercial Arbitration Rules of the American Arbitration Association, do hereby issue this Award.

    This matter was heard on the basis of written materials submitted by Claimants, pursuant to a scheduling order, on or before May 18, 2007. Claimants were represented by Mark K. de Langis, Esq. of Lucas Valley Law. Respondent did not appear, despite full and adequate notice of the hearing.

    Based on the arguments and evidence presented in the written submissions, I make the following award in full resolution of all claims and defenses presented in this arbitration:

1. Respondent shall pay Claimants the sum of Sixteen Thousand One Hundred Dollars ($16,100.00) in liquidated damages (also known as dead freight fees) due under the contract, in light of Respondent's failure to meet the Minimum Volume Commitment set forth in the contract.

2. Also pursuant to the contract, Respondent shall pay Claimants the additional sum of One Thousand Eight Hundred Dollars ($1,800.00) in reimbursement of Claimants' reasonable attorney's fees and related costs incurred in connection with this arbitration.

3. The administrative fees of the American Arbitration Association ("the Association") totaling $950.00, and the compensation of the arbitrator totaling $978.90, shall be borne by Respondent. Therefore, Respondent shall pay to Claimant the additional sum of One Thousand Nine Hundred Twenty Eight Dollars and Ninety Cents ($1,928.90) representing Claimants' share of amounts previously advanced to the Association.

4. All amounts due under the Award shall bear interest at the legal rate from the date of this Award until the date all such amounts are paid in full.

This Award is in full settlement of all claims and defenses presented in this arbitration, and all claims not expressly granted herein are hereby denied.

The parties are hereby advised that the policy of the undersigned Arbitrator is to destroy (usually by recycling) all documents submitted in connection with any arbitration ninety (90) days following the date of the award, which is set forth below, unless one of the parties requests return of their file materials, in writing, before the expiration of this ninety-day period.

Dated: June 8, 2007

_____
Matthew J. Geyer, Arbitrator