1  LUCAS VALLEY LAW
   MARK  K. de LANGIS (SBN 190083)
2  2110 Elderberry Lane
   San Rafael, California  94903
3  Telephone:  (415) 472-3892
   Facsimile:  (415) 472-3977
4  mdelangis@lucasvalleylaw.com

5  Attorneys for Petitioners
   AMERICAN PRESIDENT LINES, LTD. and
6  APL CO. Pte., LTD.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13
   In the Matter of the Arbitration between        No.  C 07-04495 SI
14
   AMERICAN PRESIDENT LINES, LTD., and
15 APL CO. Pte., LTD.                               NOTICE OF MOTION AND MOTION
                                                    TO CONFIRM ARBITRATION
16              Petitioners,                        AWARD; MEMORANDUM OF POINTS
                                                    AND AUTHORITIES
17       v.
                                                    [9 U.S.C. section 9]
18
   UNICOM TRANS, INC., a corporation,               Hearing Date:   November 30, 2007
19                                                  Hearing Time:   9:00 a.m.
                Respondent.                         Courtroom:      10, 19th Floor
20

21

22                                                  The Honorable Susan Illston

23

24

25

26

1    **I.      NOTICE OF MOTION**

2    **TO EACH PARTY AND ITS ATTORNEY OF RECORD:**

3            **YOU ARE HEREBY NOTIFIED THAT** on November 30, 2007, at 9:00 a.m., or as

4    soon thereafter as the matter may be heard, in Courtroom 10, 19th Floor of this Court, located at

5    450 Golden Gate Avenue, San Francisco, California, Petitioners American President Lines, Ltd.

6    and APL Co. Pte., Ltd. (collectively "APL") will and hereby do move this Court pursuant to 9

7    United States Code section 9, for an order confirming the arbitration award in favor of APL and

8    against Respondent Unicom Trans, Inc. ("Unicom").  This motion is based on this Notice; the

9    following Memorandum of Points and Authorities; the accompanying Declaration of Mark K. de

10   Langis; the previously filed Petition for Order Confirming Award of Arbitrator and exhibits

11   thereto; and all argument, oral testimony, and other information introduced at the hearing on this

12   motion.

13

14   **II.     RELIEF SOUGHT**

15           By this motion, APL requests that the Court enter an order confirming the Award of

16   Arbitrator, in the arbitration between APL and Unicom (A true and correct copy the arbitrator's

17   Award is attached to APL's Petition for Order Confirming Award of Arbitrator as Exhibit C;

18   filed with the Court on August 30, 2007.)  After proper submittal of proof, the arbitration award

19   was executed and served on all parties by the duly appointed arbitrator, Matthew J. Geyer, Esq.,

20   on June 8, 2007.  Unicom has yet to pay any portion of the award.  Accordingly, APL seeks an

21   order confirming the arbitration award and also requests that a judgment be entered in

22   conformity with the terms of the arbitration award.

23

24   / / /

25

26   / / /

NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD

1    **III.    POINTS AND AUTHORITIES**

2    **A.    Background**

3    In November of 2003, a service contract[1] was entered into between APL and Unicom

4    (*See* Service Contract Number TA03/0262 ("Service Contract"), attached as Exhibit A to APL's

5    Petition for Order Confirming Award of Arbitrator ("Petition"), filed on August 30, 2007.)

6    Unicom desired to ship cargo in international commerce from the United States to Russia.  (*See*

7    Service Contract, Appendix C, ¶¶ 1-3, attached as Ex. A to Petition.)  As might be expected,

8    Unicom bargained for favorable ocean freight rates for its shipments.

9    In return for providing favorable ocean freight rates on Unicom's shipments, APL

10    demanded a "Minimum Volume Commitment" from Unicom, so that APL could make up in

11    volume what it gave away in rates on any particular shipment.  To this end, Unicom agreed to

12    ship a minimum volume of 50 FEUs over the life of the contract, from November 3, 2003

13    through January 31, 2004.  (*See* Service Contract, App. C, ¶¶ 4 and 8, attached as Ex. A to

14    Petition.)

15    As is common practice in the industry, and in particular, as is common practice by APL,

16    a liquidated damages clause (dead freight) was included in the Service Contract to provide APL

17    with protection, in the event that Unicom failed to ship the required number of FEUs.  (*See*

18    Service Contract, p. 3 of 8, § 3(b), attached as Ex. A to Petition.)  In the Service Contract,

19    Unicom agreed to pay $350 for each FEU "by which the Minimum Volume Commitment

20    exceeds the volume actually tendered." (Service Contract, p. 3 of 8, § 3(b).)

21    _____

22    [1] "'[S]ervice contract' means a written contract, other than a bill of lading or a receipt, between one or
more shippers and an individual ocean common carrier or an agreement between or among ocean

23    common carriers in which the shipper or shippers makes a commitment to provide a certain volume or
portion of cargo over a fixed time period, and the ocean common carrier or the agreement commits to a

24    certain rate or rate schedule and a defined service level, such as assured space, transit time, port rotation,
or similar service features.  The contract may also specify provisions in the event of nonperformance on

25    the part of any party."  46 U.S.C. app. 1702(19).

26

1   Over the course of the contract's term, Unicom shipped 4 FEUS, not the 50 FEUs as

2   required under the Service Contract.  (*See* Invoice Number COGMD3K479, dated July 21, 2004,

3   attached as Ex. B to Petition.)  Accordingly, Unicom became obligated to pay dead freight

4   charges on 46 FEUs ($16,100), as per the Service Contract.  (*See id.*)  Unicom has paid nothing

5   towards the dead freight owed.

6

7   **B.      THE ARBITRATION**

8   APL and Unicom agreed in the Service Contract, at section 4, to resolve any dispute

9   arising under the contract by submitting the dispute to arbitration in San Francisco, California,

10  before an arbitrator of the American Arbitration Association.  In addition, APL and Unicom

11  agreed that the decision of the arbitrator "shall be final, binding and not subject to further

12  review."  (*See* Service Contract, at p. 4 of 8, § 4(a), attached as Ex. A to Petition.)

13  Pursuant to the arbitration agreement, as detailed in section 4 of the above-described

14  Service Contract, APL initiated arbitration proceedings with the American Arbitration

15  Association ("AAA").  Following due notice to APL and Unicom, including preliminary

16  hearings by telephone, an arbitration was duly conducted by the AAA appointed arbitrator,

17  Matthew J. Geyer, Esq., on or about May 18, 2007.  On June 8, 2007, the arbitrator, Matthew J.

18  Geyer, Esq., awarded APL the principal amount of $16,100, attorneys' fees of $1,800, and costs

19  of $1,928.90, for a total award of **$19,828.90.**  (*See* arbitrator's Award, dated June 8, 2007,

20  attached as Ex. C to Petition.)

21  Section 4 of the above-described contract further provides that the decision of the

22  arbitrator may be enforced by any court, tribunal, or other forum as may properly assert

23  jurisdiction, and that the parties expressly consent and agree that the United States District Court

24  for the Northern District of California shall have personal jurisdiction over the parties to the

25  contract.  (*See* Service Contract, at p. 4 of 8, § 4(b), attached as Ex. A to Petition.)

26

1    Unicom has failed to voluntarily satisfy the arbitration award in the time since it was

2 made. A judgment on the arbitration award is needed to permit APL to enforce it. A

3 confirmation order and a conforming judgment are, therefore, authorized by the terms of the

4 arbitration agreement, section 9 of the Federal Arbitration Act, and the award itself.

5

6    IV.    **CONCLUSION**

7    Unicom received what it bargained for – favorable ocean freight rates for its shipments

8 aboard APL vessels. Unicom did not, however, live up to its promises. Unicom failed to ship

9 the required number of FEUs under the Service Contract, even though it had over two months to

10 do so. The matter was submitted to arbitration as per the contract between the principals and the

11 arbitrator decided the matter in APL's favor.

12    Unicom owes APL the dead freight charges accrued as per the Service Contract between

13 the parties. Furthermore, Unicom forced APL to incur the expense of arbitration, including

14 attorneys' fees, to enforce the dead freight clause. The arbitrator awarded APL the dead freight

15 charges, attorneys' fees, and the costs of conducting the arbitration.

16    Accordingly, APL respectfully requests that the Court confirm the arbitrator's Award and

17 enter judgment in APL's favor for $19,828.90.

18

19 DATED:  October 15, 2007

20

21                                    By:_____

22                                         Mark K. de Langis
                                         Attorney for Petitioner
23                                    AMERICAN PRESIDENT LINES, LTD and
                                         APL CO. Pte., LTD.

24

25

26

5

PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in San Rafael, California at 2110 Elderberry Lane, San Rafael, California 94903. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

Today I served the attached:

**NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD; MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF MARK K. de LANGIS IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD**

**[PROPOSED] ORDER CONFIRMING AWARD OF ARBITRATOR**

**[PROPOSED] JUDGMENT**

by causing true and correct copies of the above to be placed in the United States Mail at San Rafael, California in a sealed envelope(s) with postage prepaid, addressed as follows:

Sun H. Kim
Agent for Service of Process
Unicom Trans, Inc.
15500 S. Western Ave., 3rd Floor
Gardena, CA 90249

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 15, 2007.

Mark K. de Langis

NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD