1  LUCAS VALLEY LAW
   MARK K. de LANGIS (SBN 190083)
2  2110 Elderberry Lane
   San Rafael, California 94903
3  Telephone: (415) 472-3892
   Facsimile:  (415) 472-3977
4  mdelangis@lucasvalleylaw.com

5  Attorneys for Petitioners
   AMERICAN PRESIDENT LINES, LTD. and
6  APL CO. Pte., LTD.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13
   In the Matter of the Arbitration between         No.  C 07-04495 SI
14
   AMERICAN PRESIDENT LINES, LTD. and
15 APL CO. Pte., LTD.                                [PROPOSED] ORDER CONFIRMING
                                                    AWARD OF ARBITRATOR
16
            Petitioners,                            [9 U.S.C. section 9]
17
       v.
18
19 UNICOM TRANS, INC., a corporation,

20          Respondent.

21

22

23

24

25

26

1
2
3
4
5
6
7
8
9        UNITED STATES DISTRICT COURT
10       NORTHERN DISTRICT OF CALIFORNIA
11
12
13

| | |
|---|---|
| 14  In the Matter of the Arbitration between | No.   C 07-04495 SI |
| 15  AMERICAN PRESIDENT LINES, LTD. and<br>APL CO. Pte., LTD. | ORDER CONFIRMING AWARD OF |
| 16 | ARBITRATOR |
| 17         Petitioners, | [9 U.S.C. section 9] |
| 18         v. | |
| 19  UNICOM TRANS, INC., a corporation, | |
| 20 | |
| 21         Respondent. | |
| 22 | |

23
24
25
26

Petitioners AMERICAN PRESIDENT LINES, LTD. and APL CO. Pte., LTD. bring this action and the present motion to confirm an arbitration award in their favor against respondent Unicom Trans, Inc. ("Unicom"). Respondent has not made a formal appearance in this action and has not filed an opposition to the motion to confirm currently before the Court. The Court conducted a hearing on Petitioners' motion to confirm the award on November 30, 2007; again Respondent did not make an appearance. After careful consideration of the papers filed by the Petitioners and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Petitioners' motion to confirm the arbitration award.

**BACKGROUND**

In November 2003, APL Co. Pte., Ltd., in its individual capacity and as an agent for American President Lines, Ltd., entered into a written maritime contract with Unicom. The contract provided for Petitioners to ship Respondent's cargo by sea from the United States to Russia. The contract further memorialized the parties' agreement that any "dispute arising out of or in connection with this Contract" shall be submitted to arbitration in San Francisco, California, before an arbitrator of the American Arbitration Association ("AAA"). (Petition to Confirm, Exh. A at Section 4.) The arbitration provision stated that the decision of the arbitrator "shall be final, binding and not subject to further review." (*Id.*) Finally, the provision provided for enforcement of any arbitration decision "by any court, tribunal, or other forum as may properly assert jurisdiction" and the parties expressly agreed "that the United States District Court for the Northern District of California has personal jurisdiction." (*Id.*)

On July 21, 2004, APL invoiced Unicom the sum of $16,100, which was then and still is due under the terms of the November 2003 contract. APL initiated arbitration proceedings to collect the outstanding monies owed, and on May 18, 2007, the matter was submitted to AAA panelist Matthew J. Geyer, Esq. Unicom did not submit any documents for the arbitrator's consideration. On June 8, 2007, Mr. Geyer awarded APL the principal amount due of $16,100, attorneys' fees of $1,800 and costs of $1,928.90, for a total award of $19,828.90 (the "Award").

1  (Petition to Confirm, Exh. C.)

2  Petitioners now move to confirm the Award under the Federal Arbitration Act ("FAA"),

3  9 U.S.C. section 9.

**DISCUSSION**

5  As a preliminary matter, the existence of this Court's jurisdiction is not in dispute.  The

6  United States Supreme Court has held that the FAA does not provide a separate basis for federal

7  subject matter jurisdiction.  Rather, there must exist other independent grounds for federal

8  jurisdiction.  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32

9  (1983).  Here, Petitioners invoke original federal question jurisdiction under 28 U.S.C. section

10  1333.  Upon review of the underlying maritime contract, the Court agrees that federal admiralty

11  and maritime jurisdiction exists.

12  The FAA, 9 U.S.C. section 9, provides that any party to an arbitration award may apply

13  to the court for an order confirming the award if the parties have previously agreed to such

14  action.  Section 9 mandates that the court must grant the order confirming the award unless the

15  award is vacated, modified, or corrected as directed by Sections 10 or 11 of the FAA.

16  As discussed above, the November 2003 Contract between the parties provides that any

17  arbitration award may be enforced by any court, tribunal, or other forum as may properly assert

18  jurisdiction.  There is no dispute regarding this Court's jurisdiction.  Respondent has not made an

19  appearance in this matter, nor presented any argument that the Award should be vacated,

20  modified, or corrected.  Following careful review of the papers presented in support of

21  Petitioners' motion and the underlying Award issued on June 8, 2007, pursuant to the terms of

22  the parties written contract, IT IS HEREBY ORDERED that the Award attached as Exh. C to the

23  Petition for Order Confirming Award of Arbitrator is CONFIRMED.

24

25  / / /

26

## CONCLUSION

For the foregoing reasons, Petitioners' Motion to Confirm Award of Arbitrator is GRANTED and the Award of $19,828.90 is confirmed. APL is also entitled to its $350 costs of suit herein. The Court will enter judgment in the amount of $20,178.90.

**IT IS SO ORDERED.**

DATED: _____, 2007

By: _____
UNITED STATES DISTRICT JUDGE